**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                            **NO. CR 02-0058  JP**

**RICHARD A. TENORIO,**

      **Defendant.**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On October 23, 2002, Defendant Tenorio filed a Motion to Suppress certain firearms that were seized during execution of a state search warrant, which listed items related to an alleged rape incident (Doc. No. 14).  This Court held a hearing on Defendant's motion on December 5, 2002.  The United States was represented by Roberto Ortega and Louis Valencia, and Defendant, who was present, was represented by Robert Gorence.  After a full day of testimony, the hearing was continued based on defense counsel's request that the actual firearms be produced.  On January 27, 2003, this Court continued the hearing on Defendant's motion to suppress.

At the January 27, 2003 hearing, this Court made the following findings and rulings:  (1) there were no exigent circumstances existing that permitted the seizure of the weapons without a warrant; (2) the good faith exception to the warrant requirement did not apply in this case; (3) there was not a flagrant disregard for the terms of the search warrant; and (4) the Special Weapons LLC, Model SW-3, caliber machine gun (ATF Ex. 3), shown in Government's Exhibit

3A, was in plain view, it was not moved by the officers who originally saw it, and Agent Frank Ortiz observed scratch marks made by the lever that made it immediately apparent to him that the Special Weapons LLC, Model SW-3, caliber machine gun was an illegal weapon.

In addition, at the January 27, 2003 hearing, this Court made the following factual findings in regard to the weapons shown in Government's Exhibit 2A: (1) that the black suitcase in which those weapons were found, as shown in Government's Exhibit 2A and as shown in the corner of the closet in Government's Exhibit 2, was in the position originally observed by the first NMSP officers who executed the search warrant; (2) that the NMSP officers permissibly opened the black suitcase for the purpose of determining whether the suitcase contained any of the items described in the search warrant; (3) that when the suitcase was opened, the weapons inside, as depicted in Government's Exhibit 2A, were immediately in plain view; (4) that the NMSP officers did not remove the weapons in the black suitcase before the arrival of Agent Ortiz; and (5) that Agent Ortiz observed the weapons in the position shown in Government's Exhibit 2A.

With respect to the three firearms that were found in the black suitcase and that are subject to the motion to suppress – the Olympic Arms, Model P.C.R. 98, caliber rifle (ATF Ex. 4); the SWD, M12, caliber machine gun (ATF Ex. 8); and the silencer of approximately 8 3/4 inches in length (ATF Ex. 9) – this Court reserved making additional findings and rulings until after reviewing the transcripts and exhibits. Now having done so, this Court makes the following findings of fact and conclusions of law in regard to those three firearms.

### Findings of Fact

With respect to the Olympic Arms, Model P.C.R. 98, caliber rifle (ATF Ex. 4), this Court finds that Agent Ortiz observed a sear pin and M-16 parts on the firearm in plain view, which

made it immediately apparent to him that it was an illegal weapon.  This Court also finds that Agent Ortiz initially observed the sear pin and M-16 parts without moving the weapon.

In regard to the SWD, M12, caliber machine gun (ATF Ex. 8), it is this Court's factual finding that it was not readily apparent to Agent Ortiz to be an illegal weapon.  This Court determines that the alterations that indicated that this firearm was an illegal weapon were not apparent from the weapon's position in the black suitcase, absent manipulation of the firearm.

As to the silencer of approximately 8 3/4 inches in length (ATF Ex. 9), which was initially found in the upper right portion of the black suitcase, this Court finds that Agent Ortiz observed uneven holes drilled into the firearm in plain view, which made it immediately apparent to him that it was an illegal weapon.  Further, it is this Court's factual finding that Agent Ortiz initially observed the uneven holes drilled into the silencer without manipulating the weapon.

## Conclusions of Law

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  The plain view doctrine, however, justifies the seizure of contraband even in the absence of a warrant describing it. Horton v. California, 508 U.S. 128, 133 (1990).  When contraband is in plain view during the execution of a search warrant for other items, neither its observation nor its seizure would involve any additional invasion of privacy. Id. at 133-34; see also Arizona v. Hicks, 480 U.S. 321, 325 (1987). Under the plain view doctrine, incriminating evidence may be seized, even though the evidence is unrelated to the offense that justified the search, so long as (1) the law enforcement officer is lawfully located in a place from which the object can be plainly seen; (2) the incriminating character of the object is immediately apparent; and (3) the law enforcement officer

has a lawful right of access to the object.  <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 375 (1993); <u>Horton</u>, 496 U.S. at 136-37.

      As a result of the above findings of fact, this Court concludes that Defendant's motion to suppress (Doc. No. 14) should be denied as to the Special Weapons LLC, Model SW-3, caliber machine gun (ATF Ex. 3), the Olympic Arms, Model P.C.R. 98, caliber rifle (ATF Ex. 4), and the silencer of approximately 8 3/4 inches in length (ATF Ex. 9).  <u>See</u> <u>United States v. Padilla</u>, 819 F.2d 952, 962 (10th Cir. 1987) ("Silencers are not used in recreational pursuits but are usually associated with the use of guns in criminal endeavor."); <u>United States v. Wolfe</u>, 22 F.Supp.2d 627, 642 (E.D. Mich. 1998) (determining that the legal possession of silencers and sawed-off rifles is so rare that there is probable cause justifying their plain view seizure).  However, this Court determines that Defendant's motion to suppress (Doc. No. 14) should be granted with respect to the SWD, M12, caliber machine gun (ATF Ex. 8).

_____
CHIEF UNITED STATES DISTRICT JUDGE